This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL DANZER,**

Plaintiff-Appellee,

v.                                                    **NO. 30,103**

**MACK ODOM and ANNA ODOM,**

Defendants-Appellants

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Claude Eugene Vance
Albuquerque, NM

for Appellee

Mack Odom
Anna Odom
Moriarty, NM

Pro Se Appellants

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendants Mack and Anna Odom, filing pro se, appeal the district court's judgment ruling in favor of Plaintiff Michael Danzer on Plaintiff's petition for

restitution made pursuant to the Uniform Owner-Resident Relations Act, NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007). We issued a notice of proposed disposition proposing to summarily dismiss this appeal for lack of a final order. Defendants filed a timely memorandum in opposition. After due consideration, we dismiss this appeal.

**DISCUSSION**

This Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is final is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Generally, an order is not final unless all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038.

Here, the judgment from which Defendants have appealed did not resolve the underlying proceedings to the fullest extent possible. Plaintiff's petition requested the district court to enter judgment against Defendants for immediate possession of the premises, for past due rent and costs plus damages, and for reasonable attorney fees. [RP 1-2] In their answer, Defendants claimed that no damages existed and asserted a counterclaim or setoff claiming that Plaintiff's petition was in retaliation for

Defendants' request for repairs. [RP 23] The district court's judgment ordered that the rental agreement was terminated, that Plaintiff was entitled to a money judgment plus costs and attorney fees, and that a writ of restitution be issued immediately. [RP 27] The judgment, however, expressly left open the issue of damages. [RP 27] The judgment also did not expressly rule on Defendants' counterclaim.

Under these circumstances, our notice of proposed disposition questioned whether Defendants are appealing from a final order. According to Rule 1-054(B)(1) NMRA,

> when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

The district court's judgment did not resolve all the claims for relief or make an express determination that there is no just reason for delay. Because the judgment contemplated further action by the district court, and the judgment was not certified pursuant to Rule 1-054(B)(1), we remain concerned that this Court does not have jurisdiction over this appeal.

In addition, as we acknowledged before, we are not aware of any authority recognizing an exception in these circumstances to the general rule that an order that resolves fewer than all the claims is not final absent an express determination that there is no just reason for delay. As we discussed, the judgment ordered an immediate writ of restitution. Under the Uniform Owner-Resident Relations Act, an aggrieved party can stay execution of a writ of restitution by filing a notice of appeal. *See* § 47-8-47. However, the act does not expressly provide that an aggrieved party has an immediate right to appeal a judgment issuing a writ of restitution if other claims raised in the petition are pending. *See id.* (providing only that an aggrieved party "may appeal as in other civil actions").

Defendants' response does not persuade us that our proposed disposition was incorrect. Defendants continue to claim that the district court did not address their counterclaim of retaliation. [MIO 1] Defendants do not offer any argument addressing our concern about lack of finality due to the outstanding issue of damages. Defendants also do not offer any reason why not allowing an immediate appeal at this time will prejudice them, as Defendants will be able to raise their assertions of error with respect to the counterclaim upon entry of a final order. Under these circumstances, we remain persuaded that Defendants are appealing from a non-final order.

As we noted before, we have a "strong policy in New Mexico disfavoring piecemeal appeals." *See Kelly Inn*, 113 N.M. at 239, 824 P.2d at 1041. Here, the district court has not resolved all matters raised in the petition to the fullest extent possible. When all issues are not resolved, a party seeking to appeal should request the district court to include language certifying the order under Rule 1-054(B)(1). As this was not done, Defendants are not appealing from a final order. Accordingly, we do not have jurisdiction to hear this appeal at this time and doing so would be contrary to the strong policy against piecemeal appeals.

**CONCLUSION**

We dismiss this appeal for lack of a final order.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI, Judge**

5